[Crim. No. 2838. Second Appellate District, Division One.—July 10, 1936.]

THE PEOPLE, Respondent, v. CHARLES P. TEMPLE et al., Appellants.

Paul Tapley and S. Ward Sullivan for Appellants.

U. S. Webb, Attorney-General, and John O. Palstine, Deputy Attorney-General, for Respondent.

SHINN, J., *pro tem.*—Defendants Charles P. Temple and Fred E. Temple were convicted of the crime of conspiracy to commit grand theft and also upon eighteen counts of grand theft. Each appeals, contending that the evidence was insufficient to support a conviction upon any count of the indictment and complains of alleged errors in the admission of evidence and in the refusal to give certain instructions.

The evidence of conspiracy was circumstantial. The defendants are brothers, Charles P. Temple being a lawyer and Fred E. Temple being a contractor and builder and dealer in mortgages and trust deeds. They had offices together. Fred E. Temple was acquainted with one Louise Kessler, a widow seventy-two years of age, administratrix of her deceased husband's estate. Although she had an attorney, through Fred E. Temple she became acquainted with his codefendant

brother, who was substituted as her attorney as administratrix on September 22, 1932. He soon took control of her property and business and caused her to file a certificate that she was doing business under the fictitious name of Kessler Holding Company, for which company Charles P. Temple commenced the transaction of business under a power of attorney. He opened a bank account for the company with an initial deposit of $9,683.62, he having the sole right to draw checks upon the same. In less than three months after he became her attorney, Charles P. Temple came into control of all of the assets which Mrs. Kessler had theretofore placed in trust, consisting of some twenty trust deeds and mortgages, as well as certain street bonds. The transactions in which the brothers participated commenced in September, 1932. Moneys were withdrawn from the company and used by the defendants. The company kept no books and its bank checks were either lost or destroyed, so that in December, 1932, when a corporation was organized which took over the assets of the company, the bookkeeper who was employed by the corporation was unable to set up a complete set of books and was obliged to carry, as he did under instructions of Charles P. Temple, numerous items, evidenced by checks, as "cash items" until the death of Mrs. Kessler in January, 1933. The directors of the corporation were Louise Kessler, Charles P. Temple and Kenneth L. Temple, but its business was conducted by Charles P. Temple. The corporation's account books were frequently examined by both defendants. The evidence shows a close cooperation between the two brothers in numerous transactions, in which one or the other or both profited at the expense of Mrs. Kessler. Aside from the use of moneys, the defendants made and negotiated sales and exchanges of trust deeds and other property to the company and later to the corporation, in one instance buying with the corporation's money for $2,500 a trust deed for which the corporation paid them $4,500. By such means as this, and in transactions which it is unnecessary to enumerate or describe, the assets of the corporation, which were in reality the assets of Mrs. Kessler, were gradually and systematically transferred to the defendants. Indeed, the so-called "business" carried on for the supposed benefit of the elderly Mrs. Kessler appears to have consisted of a process of absorption of her means by the defendants. It is quite true that both did not benefit

in each transaction, but one or the other benefited in all of them. It is also true that some transactions, viewed singly, would have been reconcilable with honest dealing as well as with a criminal intent, as in certain instances the defendants' honest intentions would have been manifested by a repayment of the moneys used, but the entire course of dealing, the enrichment of the defendants, to Mrs. Kessler's great loss, and the obvious purpose of the defendants to absorb her estate, amply shown by the evidence, fully justified the jury in finding that the acts of the defendants were wholly dishonest and fraudulent. Nothing appears to have been done for the advantage or benefit of Mrs. Kessler, nor anything indeed that was not to her disadvantage. The evidence that defendants were in conspiracy to accomplish a common purpose and that they acted therein in concert was ample to support the verdict convicting them of conspiracy to commit grand theft. In fact that conclusion is almost forced upon us by a consideration of the entire evidence. █ The testimony of numerous witnesses related to matters of a more or less general nature, such as the purchase of certain of the street bonds through defendant Charles P. Temple, the application of certain moneys to the payment of certain debts under instructions from said defendant, the interest of said defendant in a corporation which benefited by certain payments, payment of certain debts owing by defendant Charles P. Temple, and to conversations had by the witnesses with one or the other of the defendants. Evidence of this nature was objected to by each of the defendants where it did not tend to connect him personally with the identical transaction testified to, although it did tend to connect his codefendant therewith, and the criticism of the rulings of the court admitting such testimony and in refusing to strike out the same is that it was not competent except as against the particular defendant to which the testimony related. The objection as urged assumes that no conspiracy was shown, but it becomes untenable upon proof of the conspiracy. All of the testimony objected to was admissible against one defendant or the other, and the conspiracy having been proved, it was admissible against both.

The court did not err in refusing to instruct the jury as to the law of the crime of obtaining money by false pretenses. The crime proved was embezzlement of property entrusted to Charles P. Temple by Mrs. Kessler. The guilt of defendant

Fred E. Temple arose out of his aiding and abetting his co-defendant, actively in some instances and as a conspirator in all of them.

The attempted appeals from the verdicts are dismissed. The judgments and the orders denying the respective motions for new trial are affirmed as to each defendant.

Houser, P. J., and Doran, J., concurred.